# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL THOMAS,

       Petitioner,

v.                                   No. CV 09-0174 RB/LAM

JAMES JANECKA, WARDEN,

       Respondent.

## ORDER

**THIS MATTER** is before the Court for preliminary consideration of Petitioner's amended petition for writ of habeas corpus (*Doc. 16*), filed on May 20, 2009. *See* Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In his amended petition, Petitioner asserts claims based on allegations of unconstitutional conditions of confinement, although he does not attack his underlying conviction or sentence. He alleges that he has been denied humane treatment, subjected to cruel and unusual living conditions, and had his mail interfered with. He also alleges that he was falsely charged with disciplinary violations, resulting in the forfeiture of good time credits against his sentence. His amended petition seeks the restoration of those credits and the Court construes this claim as a claim under 28 U.S.C. § 2241. *See, e.g., Caserta v. Kaiser*, No. 00-6108, 232 F.3d 900 (Table), 2000 WL 1616248, at *1-2 (10th Cir. Oct. 30, 2000) (unpublished) (court construed petition filed under 28 U.S.C. § 2254 as arising under 28 U.S.C. § 2241 because it challenged the execution of the petitioner's sentence, based on his confinement to administrative segregation and revocation of his good time credits, rather than the validity of his sentence).

No habeas relief is available on Petitioner's claims of inhumane treatment, cruel and unusual living conditions and interference with his mail. These claims are not cognizable in a habeas corpus proceeding. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and

*Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973)).  It is obvious, from Plaintiff's filings under both habeas corpus and civil rights statutes in other cases in this district, that he understands how to file different types of claims.  Because Petitioner is not entitled to relief under the habeas corpus statutes on these claims, they will be dismissed without prejudice.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS THEREFORE ORDERED** that, except for the claim for restoration of good time credits, Petitioner's claims in his amended petition for writ of habeas corpus (*Doc. 16*) are **DISMISSED without prejudice to his rights under 42 U.S.C. § 1983**.

**IT IS FURTHER ORDERED** that Respondent shall answer Petitioner's claim for restoration of good time credits in his amended petition for writ of habeas corpus (*Doc. 16* ) **within thirty (30) days after the date of entry of this Order**.  Respondent's answer shall advise, but is not limited to, whether Petitioner has exhausted his administrative and/or state court remedies as to the issue raised in the federal petition.  In each case, Respondent shall attach to its answer copies of any pleading pertinent to the issue of exhaustion which was filed by Petitioner in the state courts, together with copies of all memoranda filed by <u>both</u> parties in support of or in response to those pleadings.  Respondent shall also attach to the answer copies of all state court findings and conclusions, docketing statements and opinions issued in Petitioner's state court or appellate proceedings on this claim.  In the event Respondent denies exhaustion, Respondent shall identify the State procedures currently available to Petitioner given the nature of Petitioner's claim and its procedural history.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**