IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN PAUL THOMAS,**

      **Petitioner,**

v.                                                                     No. CV 09-0174 RB/LAM

**JAMES JANECKA, WARDEN,**

      **Respondent.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Petitioner's *Petition for Writ of Habeas Corpus (Doc. 1)* (hereinafter "***Petition***"), filed February 19, 2009, and *(Proposed) Amended Petition (Doc. 16)* (hereinafter "***Amended Petition***"), filed May 20, 2009.  The Court dismissed all of Petitioner's claims in his ***Petition*** and ***Amended Petition***, except his claim for restoration of good time credits, and ordered Respondent to answer Petitioner's claim for restoration of good time credits.  ***Order*** *(Doc. 8)* at 2 (dismissing all claims in the ***Petition*** except claim for restoration of good time credits); ***Order*** *(Doc. 19)* at 2 (dismissing all claims in the ***Amended Petition*** except

---

[1] Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within ten (10) days after being served with a copy of the objections.

claim for restoration of good time credits).[2]  On June 29, 2009, Respondent filed ***Respondent[']s[3] Notice Re: Status of Sate Court Proceedings and Motion to Dismiss Petition Without Prejudice for Failure to Exhaust All Available State Court Remedies*** *(Doc. 23)* (hereinafter "***Motion to Dismiss***").  Also before the Court are ***Petitioner's Demand for Release From Imprisonment*** *(Doc. 18)*, filed May 26, 2009, and ***Petitioner's Request for Determination of Finality of State Remedies*** *(Doc. 22)*, filed June 8, 2009.

United States District Judge Robert C. Brack referred the claims raised by Petitioner in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.  *See* ***Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings*** *(Doc. 4)*.

Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that ***Respondent[']s] Notice Re: Status of Sate Court Proceedings and Motion to Dismiss Petition Without Prejudice for Failure to Exhaust All Available State Court Remedies*** *(Doc. 23)* be **GRANTED**, that the remaining claim for restoration of good time credits in Petitioner's ***Petition for Writ of Habeas Corpus*** *(Doc. 1)* and ***(Proposed) Amended Petition*** *(Doc. 16)* be **DENIED** for failure to exhaust available state court remedies, and that this case be **DISMISSED without prejudice**.  I further recommend that ***Petitioner's Demand for Release From Imprisonment*** *(Doc. 18)* be **DENIED without prejudice**

---

[2]As explained in the ***Orders*** *(Docs. 8* and *19)* at 1, Petitioner's claim for restoration of good time credits is construed under 28 U.S.C. § 2241 rather than § 2254, even though this action was docketed as a § 2254 habeas petition. Because Petitioner's claim for restoration of good time credits challenges the execution of his sentence, rather than the validity of his conviction, the claim is properly brought under 28 U.S.C. § 2241.  *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (an attack on the execution of a sentence is properly brought under § 2241) (citation omitted); *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (claims "concerning good time credit and parole procedure, go to the execution of the sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241.") (citation omitted).

[3]Respondent Gary King is no longer a named respondent in this case.  *See* ***Order*** *(Doc. 8)* at 2.

and ***Petitioner's Request for Determination of Finality of State Remedies*** *(Doc. 22)* be **DENIED as moot**.

## *Background*

Petitioner's claim for restoration of good time credits stems from what Petitioner calls "a personal altercation with the institution's mailroom supervisor." ***Petition*** *(Doc. 1)* at 6. Petitioner states that on September 15, 2008, he wrote the mailroom supervisor "a rude and disrespectful letter" because Petitioner believed she was "illegally placing limitations on the number of outgoing correspondence including limiting [P]etitioner's outgoing legal mail and erron[e]ously issuing consequences for not complying." *Id.*; *see also* ***Motion to Dismiss***, Exhibit B *(Doc. 23-2)* at 5 (copy of the letter that Petitioner sent to the mailroom supervisor). Petitioner was charged with committing New Mexico Corrections Department Offenses A(14) Threats and B(14) Verbal Abuse or Gestures. ***Motion to Dismiss***, Exhibit C *(Doc. 23-2)* at 6; *see also id.*, Exhibit H *(Doc. 23-2)* at 23, 25 (copy of New Mexico Corrections Department Category "A" and "B" Offenses). After a misconduct hearing held on September 23, 2008, Petitioner was sanctioned on October 6, 2008, with thirty days of Disciplinary Segregation Confinement, forty-five days of Loss of Good Time, and twenty days of Commissary Restriction for committing New Mexico Corrections Department Offense A(14), and thirty days of Commissary Restriction for committing New Mexico Corrections Department Offense B(14). *Id.*, Exhibit D *(Doc. 23-2)* at 7. On October 13, 2008, Petitioner appealed this decision to the warden (*id.*, Exhibit E *(Doc. 23-2)* at 15-16), and on November 12, 2008, the warden denied his appeal and upheld the hearing officer's decision (*id.*, Exhibit F *(Doc. 23-2)* at 17-18).

Petitioner filed a "Petition for Writ of Habeas Corpus, Section One" with the state district court on October 16, 2009, but he did not make a claim challenging his charge for A(14) Threats in

that petition.  *See **Petition** (Doc. 1-2)* at 27-33.[4]  On December 2, 2008, Petitioner filed a "Petition for Writ of Habeas Corpus, Section Two," wherein he challenges being charged with A(14) Threats, and he claims that his due process rights were violated in the disciplinary proceedings.  ***Petition (Doc. 1-3)*** at 6-11.  On January 23, 2009, Petitioner filed a "Petition for a Writ of Certiorari" with the New Mexico Supreme Court, stating that the state district court was required to enter an order on his habeas corpus petition within 60 days and that an "[e]xcessive amount of time has lapsed since the expiration of this time restriction, yet the Fifth Judicial District Court has failed to even pass judgment on the preliminary phase of the proceedings."  ***Petition** (Doc. 1-3)* at 49.  On January 27, 2009, the New Mexico Supreme Court Chief Deputy Clerk wrote a letter to Petitioner stating that his petition for writ of certiorari was being returned to him because Petitioner "must have a ruling [on his state petition for writ of habeas corpus] before [he] can file a petition for writ of certiorari in [the New Mexico Supreme Court]."  ***Petition** (Doc. 1-3)* at 51.

From the state district court docket for Petitioner's state habeas corpus case, it appears that on January 23, 2009, an order of appointment of counsel was entered for Petitioner, and on May 26, 2009, an amended order of appointment of counsel was entered.  *See* January 23, 2009 and May 26, 2009, docket entries in case number D-506-CV-200800766, New Mexico State Judiciary Case Lookup Application, http://www.nmcourts.com/caselookup/search.htm.[5]  On February 9, 2009, Petitioner filed a "Notice of Removal" in the state district court.  *See* February 9, 2009, docket entry

---

[4]The Court notes that on October 2, 2008, Petitioner filed a "Pre-Petition for Writ of Habeas Corpus Motion for Protection" with the state district court, but did not include any reference to his charge for A(14) Threats or for restoration of good time credits.  *See **Petition** (Doc. 1-2)* at 22-33.

[5]The Court takes judicial notice of the the state court docket for Petitioner's state habeas corpus petition, which is available using the New Mexico State Judiciary Case Lookup Application.  *See Binford v. United States*, 436 F.3d 1252,1256 n.7 (10th Cir. 2006) (stating that a court may take judicial notice of facts that are a matter of public record)  (citations omitted); *Stack v. McCotter*, No. 02-4157, 79 Fed. Appx. 383, 391-92, 2003 WL 22422416 (10th Cir. October 24, 2003) (unpublished) (federal court may take judicial notice of docket sheet entries in related state court proceeding).

4

in case number D-506-CV-200800766.[6]  On May 26, 2009, the state district court ordered Petitioner's appointed counsel to "file an amended petition or notice of non-intent to file amended petition within 90 days."  *See* May 26, 2009 docket entry in case number D-506-CV-200800766.  On May 29, 2009, attorney John L. Walker entered an appearance for Petitioner in his state habeas corpus case.  *See* May 29, 2009, docket entry in case number D-506-CV-200800766; *see also* ***Motion to Dismiss***, Exhibit G *(Doc. 23-2)* at 19.  On June 19, 2009, Mr. Walker filed a "Notice of Non-Intent to Amend and Motion for Response," stating that "Petitioner . . . does not intend to amend the pro se petition filed December 2, 2008 (Petition for Writ of Habeas Corpus, Section Two)," and asking the Court to order a response to the issue of whether Petitioner was properly charged and disciplined for a violation of A(14) Threats.[7] ***Motion to Dismiss***, Exhibit H *(Doc. 23-2)* at 20.  On September 21, 2009, the state district court entered an order directing a response to Petitioner's state habeas corpus petition.  *See* September 21, 2009, docket entry in case number D-506-CV-200800766.  This is the last docket entry in Petitioner's state habeas corpus case as of the date of filing these proposed findings.

In his ***Petition*** and ***Amended Petition***, Petitioner challenges being charged with A(14) Threats, and he claims he was "overcharged" because he should have only been charged with B(14) Verbal Abuse or Gestures.  *See **Petition** (Doc. 1)* at 11, 13; ***Amended Petition** (Doc. 16)* at 3-4.  Petitioner asks the Court to dismiss the A(14) Threats charge and restore his good time credits which were lost based on that charge.  ***Petition** (Doc. 1)* at 13; ***Amended Petition** (Doc. 16)* at 9-10.

---

[6]In his ***Petition***, Petitioner states that the notice of removal "was proper and timely." ***Petition** (Doc. 1)* at 13. Regardless of Petitioner's filing a "notice of removal," as explained *infra*, Petitioner's claim for restoration of good time credit is properly construed under 28 U.S.C. § 2241 and the Court will consider it under that statute.

[7]It appears that Petitioner is only pursuing a claim related to being charged with violating New Mexico Corrections Department Offense A(14), because that is the charge for which Petitioner lost good time credits.  *See **Motion to Dismiss***, Exhibit D *(Doc. 23-2)* at 7.

5

Petitioner states that he exhausted his state court remedies.  *Petition (Doc. 1)* at 12-13; *Amended Petition (Doc. 16)* at 9.  Petitioner contends that his state habeas action commenced October 2, 2008, presumably with the filing of his "Pre-Petition for Writ of Habeas Corpus Motion for Protection," and that, under Rule 1-054.1 NMRA, the state court should have ruled on his complaint within sixty days.  *Petition (Doc. 1)* at 12.  Petitioner states that "[f]orcing [him] to process his complaint through a chain of command[], or exhaust state remedies, when that state remedy requires unconstitutionally excessive amount of time seems contrary to due process."  *Id.*  In his *Amended Petition*, Petitioner states that under Rule 5-802 NMRA, since his state habeas petition was not evaluated by the state district court within thirty days, "the [habeas] petition is deemed summarily dismissed".  *Amended Petition (Doc. 16)* at 8 (citations omitted).

Respondent states that Petitioner has failed to exhaust his available state court remedies and asks the Court to dismiss the *Petition* and *Amended Petition* without prejudice.  *Motion to Dismiss (Doc. 23)* at 3.  Respondent states that Petitioner's state habeas corpus petition is still pending and, therefore, his *Petition* and *Amended Petition* are "not ripe for federal habeas review."  *Id.* at 7.  Respondent further states that "Petitioner has the benefit of counsel and the ability to pursue any state habeas corpus relief in the state district court and the New Mexico Supreme Court."  *Id.*

### *Discussion*

State remedies must be exhausted before federal habeas review for a § 2241 petition is available.  *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.") (citations omitted).

The exhaustion requirement is satisfied if the federal issue was properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack. *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). The Tenth Circuit also has held that a state prisoner does not fully exhaust state remedies without timely seeking certiorari review with the state supreme court. *Watson v. State of New Mexico*, 45 F.3d 385, 387 (10th Cir. 1995). Section 2254 includes an exception to the exhaustion requirement when "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). The Tenth Circuit has concluded that these exceptions apply when the petitioner can show inordinate, excessive, and inexcusable delay in the state process that would render his habeas rights ineffective. *Harris v. Champion*, 938 F.2d 1062, 1069 (10th Cir. 1991) (citing *Jones v. Crouse*, 360 F.2d 157, 158 (10th Cir. 1966)).

Because Petitioner's state habeas petition is still pending in the state district court, Petitioner has not exhausted his state court remedies. The Court finds no merit to Petitioner's claims that his state court remedies have been exhausted because the state district court: (1) violated Rule 1-054.1 NMRA by not ruling on his state habeas petition within 60 days (***Petition** (Doc. 1)* at 12), and (2) violated Rule 5-802 NMRA by not evaluating his state habeas petition within 30 days (***Amended Petition** (Doc. 16)* at 8). Rule 1-054.1 NMRA states that the state district court "shall enter a judgment or order within sixty (60) days after submission" and that "'submission' is the time when the court takes the matter under advisement," not when the petition is filed. The state district court has not taken Petitioner's state habeas corpus petition under advisement, and, therefore, there is no 60-day deadline for entry of an order or judgment. While the state district court did not enter an order for a response to Petitioner's state habeas petition until three months after entry of

7

Petitioner's notice of non-intent to amend his petition, instead of within 30 days as required by Rule 5-802(E) NMRA, the Court finds no support for Petitioner's argument that this rendered his state habeas petition summarily dismissed. *See, e.g., Caristo v. Sullivan*, 818 P.2d 401, 402 and 408-9 (N.M. 1991)[8] (holding that delays in two consolidated habeas cases of three and one-half and five years, respectively, did not necessitate default judgment in either case). The Court, therefore, finds that Petitioner's claim that his state habeas petition has been summarily dismissed is without merit.

In addition, even though Petitioner attempted to file what he titled a "Petition for a Writ of Certiorari" with the New Mexico Supreme Court, the petition was premature because there was no ruling on his state habeas petition, and the petition was returned to Petitioner and was not filed. *See* ***Petition*** *(Doc. 1-3)* at 51 (letter from the New Mexico Supreme Court Chief Deputy Clerk stating that Petitioner's petition for writ of certiorari was being returned to him because Petitioner "must have a ruling [on his state petition for writ of habeas corpus] before [he] can file a petition for writ of certiorari in [the New Mexico Supreme Court]").[9] Petitioner, therefore, has not complied with the requirement that he must timely seek certiorari review with the state supreme court in order to fully exhaust his state court remedies. *See Watson v. State of New Mexico*, 45 F.3d 385, 387 (10th Cir. 1995).

---

[8] Although Petitioner cites this case for the proposition that a petition for habeas relief that has "sat in the state district court . . . [for] the first thirty (30) days without acknowledgement by the courts . . . is deemed summarily dismissed," he is incorrect as to the holding of *Caristo*. ***Amended Petition*** *(Doc. 16)* at 8. In addition, none of the other cases or rules Petitioner cites provide support for this proposition.

[9] This letter also states that the New Mexico Supreme Court was "not able to find a petition for writ of habeas corpus or denial order in the district court with the district court number" given by Petitioner. *Id.* Nevertheless, the issue before the Court is not whether the state supreme court was able to find Petitioner's habeas case, but whether Petitioner's state habeas case was ruled on by the state district court so that it was appealable to the state supreme court. Despite this statement in the letter from the New Mexico Supreme Court, Petitioner's habeas petition is still pending in the state district court and, therefore, it is not appealable to the state supreme court. Accordingly, his state court remedies have not been exhausted.

The next question before the Court is whether the delay in adjudicating Petitioner's state petition has been inordinate, excessive, and inexcusable, thereby excusing Petitioner's failure to exhaust his habeas claim in state district court.  The Tenth Circuit has held that a delay of fifteen months in adjudicating a state petition may give rise to "grave concerns in the realm of due process" (*Prescher v. Crouse*, 431 F.2d 209, 211 (10th Cir.1970) (holding that "special circumstances" excused a fifteen-month delay)), and has required an evidentiary hearing to determine whether a delay of eighteen months is inordinate or inexcusable under 28 U.S.C. § 2254(b)(1)(B)(i)-(ii) (*Jones v. Crouse*, 360 F.2d at 158).  The Court does not find any showing of excessive delay in Petitioner's state habeas petition.  Even though Petitioner states that his state habeas case commenced on October 2, 2008 with the filing of his "Pre-Petition for Writ of Habeas Corpus Motion for Protection" (**Petition** *(Doc. 1)* at 12), that document did not include Petitioner's claim regarding being charged with A(14) Threats or loss of good time credits, and Petitioner admits that when he filed that document that he had not yet exhausted the prison's administrative remedies regarding his claims (**Petition** *(Doc. 1-2)* at 25).  The first time Petitioner's claim regarding the A(14) Threats charge and good time credits came before the state district court was when he filed his "Petition for Writ of Habeas Corpus, Section Two" on December 2, 2008.  *Id. (Doc. 1-3)* at 6-11.  Thus, Petitioner's claim has been pending before the state district court for less than ten months, which the Court finds is not inordinate, excessive, or inexcusable.  Moreover, because the state district court recently entered an order directing a response to Petitioner's state habeas corpus petition within 30 days, the Court notes that Petitioner's state habeas petition appears to be moving forward. *See* September 21, 2009, docket entry in case number D-506-CV-200800766 (last visited October 20, 2009).

Finally, in ***Petitioner's Demand for Release From Imprisonment*** *(Doc. 18)*, Petitioner asks for "his immediate release from imprisonment," stating that he "should have already been released from custody if the illegal forfeiture described in the petition had not occurred." Petitioner provides no support for this motion. The Court has found that Petitioner has failed to exhaust his state court remedies for his claim regarding good time credit and, because ***Petitioner's Demand for Release From Imprisonment*** *(Doc. 18)* is premised on his claim for good time credits, the Court finds that ***Petitioner's Demand for Release From Imprisonment*** *(Doc. 18)* is premature and should be denied without prejudice. In ***Petitioner's Request for Determination of Finality of State Remedies*** *(Doc. 22)*, Petitioner asks the Court to determine whether he has exhausted his state court remedies. The Court has found that Petitioner has failed to exhaust his state court remedies and, therefore, recommends denying this motion as moot.

Based on the foregoing, the Court finds that Petitioner has not fully afforded the New Mexico state courts an opportunity to address his claim regarding being charged with A(14) Threats and restoration of good time credits under the New Mexico Corrections Department's policies. The Court recognizes that 28 U.S.C. § 2254(b)(2) permits a court to deny a claim on the merits even when unexhausted. However, in this case, where there is a pending habeas petition in the state court, the Court recommends dismissing Petitioner's ***Petition*** and ***Amended Petition*** without prejudice. Once Petitioner has fully exhausted his claim in the state court proceedings, he may then bring his constitutional claim to federal court by filing a new habeas corpus petition, assuming he does so in compliance with the habeas corpus statutes and rules.

*Conclusion*

For the reasons stated above, the Court recommends:

(1) That *Respondent['s] Notice Re: Status of Sate Court Proceedings and Motion to Dismiss Petition Without Prejudice for Failure to Exhaust All Available State Court Remedies (Doc. 23)* be **GRANTED**;

(2) That the remaining claim for restoration of good time credits raised in Petitioner's *Petition for Writ of Habeas Corpus (Doc. 1)* and *(Proposed) Amended Petition (Doc. 16)* be **DENIED** for failure to exhaust available state court remedies and that this case be **DISMISSED without prejudice**;

(3) That *Petitioner's Demand for Release From Imprisonment (Doc. 18)* be **DENIED without prejudice**; and

(4) That *Petitioner's Request for Determination of Finality of State Remedies (Doc. 22)* be **DENIED as moot**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**